JD

#$350

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MEVLIN E. LEWIS
5042 N. Summer Street
Philadelphia, PA 19139

PLAINTIFF

vs.

CITY OF PHILADELPHIA
City Hall
Philadelphia, PA 19103

and

CITY OF PHILADEPHIA POLICE DEPARTMENT
1515 Arch Street
Philadelphia, PA 19102

and

EDWIN A. NEAL, Individually and as Philadelphia Police Officer Badge #4912
6059 Haverford Avenue
Philadelphia, PA 19151

and

MARVIN WILKINS, Individually and as Philadelphia Police Officer Badge #2771
6059 Haverford Avenue
Philadelphia, PA 19151

and

MELVIN SINGLETON, JR., Individually and in his official capacity as Captain of the 19th Police District

10 2842

CIVIL ACTION NO.

6059 Haverford Avenue )
Philadelphia, PA 19151 )
)
and )
)
KEVIN BETHEL, Individually and in his )
Official capacity as Deputy Commissioner )
and as Head of the Regional Operations )
Command South of the Philadelphia Police )
Department )
4500 South Broad Street )
Building 501, 1st Floor )
Philadelphia, PA 19112 )
)
and )
)
CHARLES H. RAMSEY, Individually )
and in his official capacity as Commissioner )
of the Philadelphia Police Department )
One Franklin Square )
Philadelphia, PA 19106 )
)
DEFENDANTS )

---

**CIVIL ACTION COMPLAINT**

This action is brought by Melvin E. Lewis, against the Defendants, City of Philadelphia; Edwin A. Neal, individually and as Philadelphia Police Officer Badge #4912; Marvin Wilkins, individually and as Philadelphia Police Officer Badge #2771; Melvin Singleton, individually and in his official capacity as Captain of the 19th District of the Philadelphia Police Department; Kevin Bethel, individually and in his official capacity as Deputy Commissioner and Head of Regional Operations Command South of the Philadelphia Police Department; Charles H. Ramsey, individually and in his official capacity as Commissioner of the Philadelphia Police Department, for intentional and malicious acts under color of law which deprived the plaintiff of

his civil rights, freedom and liberties as secured by the Fifth and fourteenth Amendments to the Constitution of the United States, by Title 42 United States code Sections 1983 and 1988, and other federal and state statuses and causes of action.

A jury trial is requested.

**JURISDICTION AND VENUE**

This action arises under the Constitution of The United States, particularly, the Fifth and Fourteenth Amendments to the Constitution of the United States, and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, Sections 1983 and 1988; and other federal statutes. This Court has pendant jurisdiction over plaintiff's state law claims.

The jurisdiction and venue of this Court is invoked under the provisions of Title 28 of the United States Code, Sections 1331, 1391, and 1443.

**A. PARTIES**

1.  Plaintiff, Melvin E. Lewis, an adult individual who at all relevant times hereto resided at the above-captioned address.

2.  Defendant, City of Philadelphia, at all and relevant times hereto was a political subdivision and municipal corporation duly existing and organized under the laws of the Commonwealth of Pennsylvania receiving federal and/or state funding and conducting business at the above-captioned address.

3.  Defendant, Philadelphia Police Department, at all and relevant times hereto was a political subdivision and municipal corporation duly existing and organized under the laws of the Commonwealth of Pennsylvania receiving federal and/or state funding and conducting business at the above-captioned address.

4. Defendant, Officer Edwin A. Neal, at all and relevant times hereto acted individually and in his capacity as the agent, servant, worker, employee and police officer of the City of Philadelphia, with a regular place of business at the above-captioned address.

5. Defendant, Officer Marvin Wilkins, at all and relevant times hereto acted individually and in his capacity as the agent, servant, worker, employee and police officer of the City of Philadelphia, with a regular place of business at the above-captioned address.

6. Defendant, Melvin Singleton, at all relevant and material times was the Captain of the 19th District of the Police Department of the City of Philadelphia, an official and employee of the City of Philadelphia, and a supervisor of Defendants, Edwin A. Neal and Marvin Wilkins.

7. Defendant, Kevin Bethel, all relevant and material times was the Deputy Commissioner and Head of the Regional Operations Command South of the Police Department of the City of Philadelphia, an official and employee of the City of Philadelphia, and a supervisor of Defendants, Edwin A. Neal and Marvin Wilkins

8. Defendant, Charles H. Ramsey, at all relevant and material times was the Commissioner of the Police Department of the City of Philadelphia, an official and employee of the City of Philadelphia, and a supervisor of Defendants, Edwin A. Neal and Marvin Wilkins.

9. At all relevant and material times hereto, all defendants were acting personally and/or by and through their agents, servants, workers, and/or employees.

10. All of the acts alleged to have been done or not done by defendants were done or not done by said defendants, their agents, servants, workers, and employees, all of whom were acting within the course and scope of their authority and/or employment with and on behalf of said defendants and under color of law.

11. At all times relevant and material hereto, each defendant named herein was the agent, servant, worker and/or employee of each of the other defendants named herein.

**B. FACTS GIVING RISE TO THE CAUSES OF ACTION**

12. On or about June 15, 2008, the plaintiff was confronted, detained, arrested and taken into police custody at the intersection of 56th Street and Haverford Ave, Philadelphia, Pennsylvania, by City of Philadelphia police officer(s) Edwin A. Neal and Marvin Wilkins, acting within the course and scope of their employment as police officer(s)/sergeant(s)/supervisor(s) and under color of law.

13. After arresting the plaintiff, and upon arrival at the Philadelphia Police Department headquarters at 750 Race Street, Philadelphia, PA, the police officer(s) in question, including defendants, Edwin A. Neal and Marvin Wilkins, assaulted and battered the plaintiff.

14. The use of force by the defendants and their police officer(s)/sergeant(s)/supervisor(s) was unjustified, unreasonable, unnecessary, and excessive and caused serious and permanent injuries to the plaintiff described in further detail hereinafter.

15. Prior to June 15, 2008, Defendants, City of Philadelphia, Melvin Singleton, Kevin Bethel, and Charles H. Ramsey developed and maintained policies, practices, and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the plaintiff's civil rights to be violated.

16. It was the policy, practice and/or custom of Defendants, City of Philadelphia, Melvin Singleton, Kevin Bethel, and Charles H. Ramsey, to use unjustified, unreasonable, unnecessary, and excessive force against arrestees being held in custody after arrest. This policy, practice, and/or custom caused plaintiff's civil rights to be violated.

17. It was the policy, practice, and/or custom of Defendants, City of Philadelphia, Melvin Singleton, Kevin Bethel, and Charles H. Ramsey, to train police personnel, including police officers, sergeants, supervisors, and detectives, to use unjustified, unreasonable, unnecessary, and excessive force against crime suspects being held in custody after arrest. This policy, practice, and/or custom caused plaintiff's civil rights to be violated.

18. It was the policy, practice and/or custom of Defendants, City of Philadelphia, Melvin Singleton, Kevin Bethel, and Charles H. Ramsey, to fail to train police personnel, including police officers, sergeants, supervisors, and detectives, in proper methods of handling and treating arrestees in custody after arrests in a manner utilizing only justified, reasonable, and necessary force. This policy, practice, and/or custom caused plaintiff's civil rights to be violated.

19. The actions; inactions; and/or policies, practices and/or customs of the defendants constituted and/or caused various violations of plaintiff's civil rights, assault and battery and other actionable offenses.

20. As a result of the aforementioned actions; inactions; and/or polices, practices and/or customs of the defendants and their agents, servants, workers, employees, and police officer(s)/ sergeant(s)/ supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, plaintiff sustained multiple serious injuries, some or all of which may be permanent, including the amputation of his left hallux ("big toe"), numbness in his left leg, and limping; and other injuries some or all of which have yet to become manifest and/or be diagnosed. All of the foregoing injuries have rendered plaintiff sick, sore, lame, prostate, disabled, disfigured, and disordered and have forced him to suffer great mental anguish, embarrassment, humiliation, loss of enjoyment of life's pleasures, and mental and physical pain, all of which may continue for an indefinite time into the future.

21. As a result of the aforementioned actions; inactions; and/or policies, practices and/or customs of the defendants and their agents, servants, workers, employees, and police officer(s)/ sergeant(s)/ supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, plaintiff has been obliged to expend and will continue to expend in the future large sums of money and/or incur debts and/or liens for medical care and treatment, all to his great financial detriment and loss, which may continue for an indefinite time into the future.

22. As a result of the aforementioned actions; inactions; and/or policies, practices and/or customs of the defendants and their agents, servants, workers, employees, and police officer(s)/ sergeant(s)/ supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, plaintiff has been unable to follow his usual occupations and customary daily duties and other activities and has been caused to suffer a loss of income and earning capacity, all of which may continue for an indefinite time into the future to his great detriment and loss.

23. As a result of the aforementioned actions; inactions; and/or policies, practices and/or customs of the defendants and their agents, servants, workers, employees, and police officer(s)/ sergeant(s)/ supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, plaintiff is entitled to compensatory, punitive, treble, consequential and delay damages for an indefinite time into the future.

**COUNT I**
**PLAINTIFF V. ALL DEFENDANTS**
**FIFTH AND FOURTEENTH AMENDMENT AND STATUTORY CIVIL RIGHTS VIOLATIONS**

24. Plaintiff hereby incorporates by reference all prior allegations the same as though set forth herein at length.

25. The aforementioned actions; inactions; and/or policies, practices and/or customs of the defendants and their agents, servants, workers, employees, and police officer(s)/ sergeant(s)/ supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, violated plaintiff's civil rights to due process and equal protection of the laws, and to be safe from unreasonable, unnecessary, unjustified and excessive use of force, under the Fifth and Fourteenth Amendments to the United States Constitution and pursuant to 42 U.S.C. Sections 1983 and 1988 and other federal statutes in the following:

   a. Depriving plaintiff of his due process rights and participating in unjustified, unnecessary, unreasonable and excessive use of force on the plaintiff;
   b. Failing to provide the plaintiff with his due process rights and participating in unjustified, unnecessary, unreasonable, and excessive use of force on the plaintiff;
   c. Depriving plaintiff of equal protection of the laws and participating in unjustified, unnecessary, unreasonable, and excessive use of force on the plaintiff;
   d. Failing to provide the plaintiff with equal protection of the laws and participating in unjustified, unnecessary, unreasonable and excessive use of force on the plaintiff;
   e. Acting with an evil motive or intent with a reckless or callous indifference to the plaintiff's federally protected rights;
   f. Unlawful oppression of plaintiff's rights;
   g. Assaulting and battering the plaintiff;
   h. Failing to properly treat the plaintiff;
   i. Violating plaintiff's civil rights;
   j. Injuring the plaintiff;
   k. Using an unreasonable, unnecessary, unjustified and excessive force upon plaintiff;
   l. Failing to obtain necessary medical attention and treatment for plaintiff in a timely fashion;
   m. Preventing plaintiff from receiving necessary medical attention and treatment in a timely fashion;
   n. Failing to act appropriately to prevent injury to the plaintiff under the circumstances.

26. As a result of the aforementioned violations of plaintiff's civil rights by the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including defendants, Edwin A. Neal and Marvin Wilkins, the plaintiff suffered the injuries and harms described in paragraphs 18-20 above, which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

**COUNT II**
**PLAINTIFF V. ALL DEFENDANTS**
**ASSAULT AND BATTERY**

27. Plaintiff hereby incorporates by reference all prior allegations the same as though set forth herein at length.

28. The defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, recklessly, intentionally, maliciously and unlawfully struck, injured, kicked, verbally abused and/or otherwise assaulted and battered the plaintiff and placed him in fear for his safety as more fully stated hereinbefore.

29. At all relevant and material times here to, the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, lacked the authority, reason and/or cause to strike, assault, batter, verbally abuse, use excessive force upon and/or otherwise injure the plaintiff or place the plaintiff in fear for his safety.

30. The aforementioned assault and battery of the plaintiff by the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, was unlawful, unnecessary and without justification and constituted the use of excessive force.

31. As the direct and proximate cause of the aforementioned assault and battery of the plaintiff by the defendants and their agents, servants, workers, employees, and police

officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, the plaintiff suffered the injuries and harms described in paragraphs 18-20 above which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

**COUNT III**
**PLAINTIFF V. ALL DEFENDANTS**
**HARRASMENT**

32. Plaintiff hereby incorporates by reference all prior allegations the same as though set forth herein at length

33. The defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, began and continued harassing the plaintiff, as more fully described above, as a result of his being a prisoner under their control and supervision.

34. As the direct and proximate cause of the aforementioned harassment by the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, the plaintiff suffered the injuries and harms described in paragraphs 18-20 above which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled

**COUNT IV**
**PLAINTIFF V. ALL DEFENDANTS**
**INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

35. Plaintiff hereby incorporates by reference all prior allegations the same as though set forth herein at length.

36. As stated herein, the aforementioned actions and/or inactions of the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, negligently, intentionally, willfully and wantonly directed towards and inflicted upon the plaintiff without any justification or cause.

37. Furthermore, the aforementioned actions and/or inactions of the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, as described more fully above, were malicious, willful, wanton, outrageous in the extreme, intolerable in a civilized society and specifically calculated to cause injury to the plaintiff.

38. As a direct result of the aforementioned actions and/or inactions of the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, the defendants negligently and intentionally caused the plaintiff to suffer physical injuries and emotional distress.

39. As a direct and proximate result of the aforementioned actions and/or inactions of the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, the plaintiff sustained both physical and mental, psychological and emotional distress, embarrassment, anxiety, depression, and humiliation, which are likely to continue in the future and for which he has undergone and may in the future undergo psychological/psychiatric

counseling, therapy, and treatment. Plaintiff has undergone and may in the future undergo great physical and mental pain and suffering.

40. As the direct and proximate result of the actions and/or inactions of the defendants and their agents, servants, workers, employees, and police officer(s)/sergeant(s)/supervisor(s), including Defendants, Edwin A. Neal and Marvin Wilkins, the plaintiff suffered the injuries and harms described in paragraphs 18-20 above which are incorporated herein by reference.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus any compensatory, punitive, treble, consequential and delay damages, attorney's fees and costs to which he is entitled.

Respectfully submitted

Stephanie J. Brown Esquire

STEPHANIE J. BROWN, ESQUIRE
1221 Locust Street
Philadelphia, PA 19107
(215) 320-7515
ATTY. ID
ATTORNEY FOR PLAINTIFF

**VERIFICATION**

I, Stephanie J. Brown, verify that I am the plaintiff's attorney herein and that I am authorized to verify that the statements made in the attached pleading are true and correct to the best of my information, knowledge, and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

Stephanie J. Brown Esquire
STEPHANIE J. BROWN, ESQUIRE

Date: 6/14/2010

JS 44 (Rev. 12/07)

JD

10-CV-2842

# CIVIL COVER SHEET

10 2842

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Melvin E. Lewis

**(b)** County of Residence of First Listed Plaintiff Philadelphia
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Stephanie J. Brown, Esquire
[illegible]
Philadelphia, PA 19107

**DEFENDANTS** City of Philadelphia, City of Philadelphia Police Dep. [illegible], [illegible], [illegible] Singleton, [illegible], Carlos M. Ramsey

County of Residence of First Listed Defendant Philadelphia
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☒ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
18 U.S.C. §1983, 1988

Brief description of cause:
Injuries sustained by police brutality

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 6/14/2010 SIGNATURE OF ATTORNEY OF RECORD Stephanie J. Brown Esquire

JUN 14 2010

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

JD 10 2842

Address of Plaintiff: 5042 N. S[illegible] St., Philadelphia, PA 19139

Address of Defendant: City Hall, Philadelphia, PA 19103

Place of Accident, Incident or Transaction: 750 Race Street, Philadelphia, PA 19106

(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a)) Yes☐ No☑

Does this case involve multidistrict litigation possibilities? Yes☐ No☑

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______

Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☑
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☑
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☑
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes☐ No☑

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, Stephanie J. Brown, counsel of record do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 06/14/2010 [signature] JUN 14 2010

Attorney-at-Law Attorney I.D.#

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE: 6/14/2010

Attorney-at-Law

Attorney I.D.#

CIV. 609 (6/08)

JD

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

v. : CIVIL ACTION

10 2842

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (✓)

| 6/14/2010 | Stephanie J. Brown | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-320-7515 | 215-320-7516 | S.j.brownesquire@yahoo.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUN 14 2010